IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO. 1:15CR26-MW

vs.

CORNELIUS DEVONTI ONEAL
_____/

PLEA AGREEMENT

1. PARTIES TO AGREEMENT

This agreement is entered into, by and among, Cornelius Devonti Oneal as the Defendant; Darren Johnson, Assistant Federal Public Defender, as attorney for the Defendant; and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

2. TERMS

The parties agree to the following terms:

a. The Defendant will plead guilty to Count Two of the pending Indictment, and the government will move to dismiss the remaining counts at

1

FILED IN OPEN COURT THIS
7/15/2016
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

sentencing. As to Count Two, which charges Child Sex Trafficking, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(2), and 2, the Defendant faces a term of imprisonment of not less than ten years with a maximum of life imprisonment, not less than five years with a maximum of lifetime supervised release pursuant to Title 18, United States Code, Section 3582(k), a $250,000.00 fine, and a $100.00 special monetary assessment. The Defendant agrees to pay the special monetary assessment on or before the date of sentencing.

If the Defendant is unable to pay the special assessment prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets.

b. That by voluntarily pleading guilty to child sex trafficking, the Defendant knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be

compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.      The Defendant is pleading guilty because the Defendant is in fact guilty of the charge alleged in Count Two of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support this charge beyond a reasonable doubt.

d.      Upon the District Court's adjudication of guilt of the Defendant for child sex trafficking, the United States Attorney for the Northern District of Florida will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support conspiracy to commit the charge.

e.      Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.      If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

g.      The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States

Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

  h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether a variance or departure upward or downward is appropriate.

  i. Defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or

will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

### 3. SENTENCING

a.  Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.  The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c.  The parties reserve the right to appeal any sentence imposed.

## 4. RESTITUTION

The Defendant agrees to make full restitution to the victim as determined by the Court. The defendant agrees that the amount of restitution may include losses resulting from related conduct for which the defendant was not convicted, if the loss flowed directly from the relevant conduct of which the defendant was a part.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

*signature*

DARREN JOHNSON
Assistant Federal Public Defender

7/15/16
Date

*signature*

CORNELIUS DEVONTI ONEAL
Defendant

7/15/16
Date

CHRISTOPHER P. CANOVA
United States Attorney

*signature*

F. T. WILLIAMS
Florida Bar No. 936219
Assistant U.S. Attorney
Northern District of Florida
401 SE First Ave, Suite 211
Gainesville, FL 32601
352-378-0996

7/15/16
Date